**ACOMP**
Jonathan B. Lee, Esq.
Nevada Bar No. 13524
RICHARD HARRIS LAW FIRM
801 South 4th Street
Las Vegas, Nevada  89101
Telephone: (702) 444-4444
Fax: (702) 444-4455
Email: jlee@richardharrislaw.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MACK MILLER, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>CLARK COUNTY, NEVADA, a political subdivision; DOE CLARK COUNTY OFFICERS, in their personal capacities; DOE PRIVATE SECURITY GUARDS, in their personal capacities; PREVENTIVE MEASURES SECURITY FIRM, LLC, a domestic limited liability company; MARCO SOLORIO, individually; LEONARD MORRIS, individually; ROE PRIVATE SECURITY COMPANY; DOES 1 through 20; ROE BUSINESS ENTITIES 1 through 20, inclusive jointly and severally,<br><br>    Defendants. | CASE NO.:   2:23-cv-00070-CDS-DJA<br><br>**PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND** |

Plaintiff MACK MILLER (hereinafter "Mr. Miller" or "Plaintiff"), by and through his attorneys of record, Jonathan B. Lee, Esq., of the Richard Harris Law Firm, complains and alleges as follows:

**PARTIES**

1.     Mr. Miller was at all times relevant hereto to a resident of Clark County, Nevada.

2. At all times relevant, Defendant CLARK COUNTY, NEVADA ("Clark County") was a political subdivision in the State of Nevada. It is being sued as a result of the actions and omissions of its employees, contractors, and agents – *i.e.*, DOE CLARK COUNTY OFFICERS, DOE PREVENTIVE MEASURES SECURITY GUARDS, and DOE PRIVATE SECURITY GUARDS – as well as for its unconstitutional policies and training protocols relating to how these employees, contractors, and agents engage with members of the public at Clark County Commission Board meetings – particularly with respect the physical removal/seizure of citizens attending Clark County Commission Board meetings.

3. At all times relevant, Defendants DOE CLARK COUNTY OFFICERS were employed with Defendant Clark County, acting under color of law and within the scope of their employment with Defendant Clark County.

4. At all times relevant, Defendants DOE PREVENTIVE MEASURES SECURITY GUARDS were employed with PREVENTIVE MEASURES SECURITY FIRM, LLC (hereinafter "Preventive Measures Security"), acting under color of law and within the scope of their employment with Preventive Measures Security and pursuant to the contract Preventive Measures Security has with Defendant Clark County.

5. At all times relevant, Defendants MARCO SOLORIO were employed with Preventive Measures Security, acting under color of law and within the scope of their employment with Preventive Measures Security and pursuant to the contract Preventive Measures Security has with Defendant Clark County.

6. At all times relevant, Defendants LEONARD MORRIS were employed with Preventive Measures Security, acting under color of law and within the scope of their employment with Preventive Measures Security and pursuant to the contract Preventive Measures Security has with Defendant Clark County

7. At the time of the subject incident, Defendants DOE PRIVATE SECURITY GUARDS were engaged in state action, willfully participating in joint action with Defendants Clark County and DOE CLARK COUNTY OFFICERS. Private persons, jointly engaged with

state officials in the challenged action, are acting see 'under color' of law for purposes of § 1983 actions. Dennis v. Sparks, 449 U.S. 24, 27-28 (1980).

8. Upon information and belief, Defendants DOE CLARK COUNTY OFFICERS, DOE PREVENTIVE MEASURES SECURITY GUARDS, and DOE PRIVATE SECURITY GUARDS were at all times relevant, residents of Clark County, Nevada.

9. At all times relevant, Defendants Preventive Measures Security and ROE PRIVATE SECURITY COMPANY were contracted by Defendant Clark County to render security services during County Commission Board Meetings.

10. Mr. Miller is informed and believes Defendant DOE and ROE Corporations 1 through 10, resided, were employed, and/or did business in/by the State or other named defendants. Defendants designated as DOE and/or ROE Corporations 11-20, are in some manner responsible for the occurrences and injuries sustained by Plaintiff alleged herein.

11. The true names and capacities of the defendants designated herein as DOE or ROE Defendants entities are presently unknown to Mr. Miller at this time. Therefore, Mr. Miller sues said defendants by fictitious names. When the true names and capacities of these defendants are ascertained, Mr. Miller will amend this complaint accordingly.

**JURISDICTION AND VENUE**

12. The events which are the subject matter of the instant complaint occurred in Clark County, Nevada, and therefore, jurisdiction and venue are appropriate with this Court.

**GENERAL ALLEGATIONS**

13. On September 21, 2021, a Clark County Board of Commissioners meeting was held at the Government Center's Commission Chambers to consider passing a resolution declaring COVID-19 misinformation a public health crisis.

14. During the commission meeting a dispute transpired in the Commission Chamber between meeting attendees and Defendants.

15. At some point, Defendants determined that they needed to clear the Commission Chamber, although no reason was given for set action.

16. While exiting the chambers, Mr. Miller had his phone in his left hand, reporting on Facebook Live, and a legal pad and his right hand.

17. When Mr. Miller observed one of the DOE CLARK COUNTY OFFICERS, DOE PREVENTIVE MEASURES SECURITY GUARDS, or DOE PRIVATE SECURITY GUARDS shoving a female attendee, he said that to the individual that he could not shove people. Mr. Miller then asked the individual to identify himself.

18. At that point he was rushed, shoved, and attacked by MARCO SOLORIO, LEONARD MORRIS and/or other PREVENTIVE MEASURES SECURITY GUARDS.

19. Eventually, Mr. Miller was physically lifted by MARCO SOLORIO, LEONARD MORRIS and/or other PREVENTIVE MEASURES SECURITY GUARDS and had his back shoved through the commission chambers double doors through the hallway and then ultimately through a metal detector that was in the hallway of the Commission Chamber.

20. Mr. Miller immediately fell backwards into someone and, ultimately, to the ground as he attempted to keep his balance.

21. At no time did Mr. Miller swing at or punch anyone, nor did he make any aggressive movement.

22. MARCO SOLORIO, LEONARD MORRIS, and/or other PREVENTIVE MEASURES SECURITY GUARDS knocked the metal detectors into Mr. Miller's head which caused him to immediately lose consciousness and hit the back of his head on the floor.

**FIRST CLAIM FOR RELIEF**

**(Violation of the Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983: Excessive Force/Unreasonable Seizure – against Defendants MARCO SOLORIO, LEONARD MORRIS, and/or other PREVENTIVE MEASURES SECURITY GUARDS)**

23. Mr. Miller repeats and realleges each of the allegations contained in the preceding and subsequent paragraphs of this complaint as fully set forth herein.

24. Under familiar principles, even a private entity can, in certain circumstances, be subject to liability under section 1983. *See Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 954

25. The Fourth Amendment protects "[t]he right of the people to be secure in their persons. houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV.

26. The impetus behind the Fourth Amendment's protections is "to prevent arbitrary and oppressive interference by enforcement officials with the privacy and personal security of individuals." *I.N.S. v. Delgado*, 466 U.S. 210, 215 (1984).

27. Claims that law enforcement officials have used excessive force, deadly or not, in course of arrest, investigatory stop or other "seizure" of a person is properly analyzed under Fourth Amendment's "objective reasonableness" standard, rather than under substantive due process standard. *See Graham v. Connor*, 490 U.S. 386, 388, 109 S. Ct. 1865, 1867 (1989).

28. The "reasonableness" inquiry in an excessive force case is an objective one: the question is whether the officers' actions are "objectively reasonable" considering the facts and circumstances confronting them, without regard to their underlying intent or motivation. *Id.* at 397, 109 S. Ct. at 1872.

29. Courts look at several factors when determining the reasonableness of an officer's action, "including (1) the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety of the officers or others, and (3) whether [he] is actively resisting arrest or attempting to evade arrest by flight." *See Lopez v. City of Glendora*, 811 F. App'x 1016, 1018 (9th Cir. 2020).

30. Defendants MARCO SOLORIO, LEONARD MORRIS, and/or other PREVENTIVE MEASURES SECURITY GUARDS, acting under color of state law, and in concert, deprived Mr. Miller of his clearly established federal constitutional rights under the Fourth and Fourteenth Amendments to the Constitution of the United States of America to be free from

unreasonable searches and seizures caused using objectively unreasonable and excessive force against Mr. Miller.

31. The unreasonable and excessive force is evidenced by Defendants MARCO SOLORIO, LEONARD MORRIS, and/or other PREVENTIVE MEASURES SECURITY GUARDS by their violent removal of Mr. Miller from the Commission Chamber along with the excessive manner in which they tackled/shoved him through the metal detector that was present outside the Commission Chambers.

32. The force used was without cause, when Mr. Miller was not an immediate threat to the safety of the officer or others, and while Mr. Miller was not resisting nor attempting to evade arrest by flight. The force used against Mr. Miller far outweighed any governmental interest in the use of force.

33. The actions of Defendants MARCO SOLORIO, LEONARD MORRIS, and/or other PREVENTIVE MEASURES SECURITY GUARDS, as described above, evidences their unconstitutional conduct – specifically depriving Mr. Miller of the clearly established and well-settled right to be free excessive force.

34. Defendants MARCO SOLORIO, LEONARD MORRIS, and/or other PREVENTIVE MEASURES SECURITY GUARDS use of unreasonable and excessive force against Mr. Miller was the moving force that caused general or non-economic damages to Mr. Miller, including past and future physical pain, suffering, and emotional distress. These Defendants use of unreasonable and excessive force against Mr. Miller was the moving force that caused special or economic damages to Mr. Miller, including past and future medical expenses.

35. As a further direct and proximate result of Defendants 22. MARCO SOLORIO, LEONARD MORRIS, and/or other PREVENTIVE MEASURES SECURITY GUARDS' unconstitutional conduct, Mr. Miller has and will continue to suffer general and special damages.

36. As a further direct and proximate result of Defendants MARCO SOLORIO, LEONARD MORRIS, and/or other PREVENTIVE MEASURES SECURITY GUARDS'

unconstitutional conduct, Mr. Miller has been compelled to retain legal counsel to prosecute this action and is therefore entitled to attorney fees and costs, and interest thereon.

## SECOND CLAIM FOR RELIEF

**(Violation of the Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983 (Failure to Intervene) - Against Defendants DOE CLARK COUNTY OFFICERS)**

37. Mr. Miller repeats and realleges each of the allegations contained in the preceding and subsequent paragraphs of this complaint as fully set forth herein.

38. Law enforcement has a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen. *See Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000).

39. The Ninth Circuit has consistently held that an officer's duty to intervene with the use of excessive force by another officer is clearly established. *Farmer v. Las Vegas Metro. Police Dept*, 2019 WL 4777312, at *9 (D. Nev. Sept. 30, 2019).

40. In the instant matter, Defendants DOE CLARK COUNTY OFFICERS were present and acknowledged their fellow law enforcement colleagues' unconstitutional conduct towards Mr. Miller during the subject but failed to intercede even though they had the opportunity to intervene.

41. Accordingly, Defendants DOE CLARK COUNTY OFFICERS' failure to intervene and prevent their fellow law enforcement colleagues from employing excessive force was unconstitutional conduct in and of itself.

42. As a direct and proximate cause of the Defendants DOE CLARK COUNTY OFFICERS' conduct, Mr. Miller has and will continue to suffer general and special damages.

43. As a further direct and proximate result of the DOE CLARK COUNTY OFFICERS' conduct, Mr. Miller has been compelled to retain legal counsel to prosecute this action and is therefore entitled to attorney fees and costs, and interest thereon.

. . .

. . .

## THIRD CLAIM FOR RELIEF

**(Assault and Battery – against Defendants Preventive Measures Security, Marco Solorio, and Leonard Morris)**

44. Mr. Miller repeats and realleges each of the allegations contained in the preceding and subsequent paragraphs of this complaint as fully set forth herein.

45. In Nevada, law enforcement personnel are privileged to use the amount of force reasonably necessary. *See Estate of Sauceda v. City of N. Las Vegas*, 380 F. Supp. 3d 1068, 1088 (D. Nev. 2019). However, they are "liable for battery to the extent they use more force than is reasonably necessary." *Id.*

46. On or about September 21, 2021, Defendants Marco Solorio and Leonard Morris assaulted and battered Mr. Miller considering the amount of force they used to seize him was unjustified, excessive, and unreasonable.

47. Defendants Marco Solorio and Leonard Morris' conduct caused Mr. Miller grievous physical and mental injuries while also putting him in great fear and concern for his safety and wellbeing.

48. As a further direct and proximate result of the actions of Defendants Marco Solorio and Leonard Morris, Mr. Miller has endured emotional distress, pain and suffering, loss of enjoyment of life and medical expenses, all to his general damage in an amount in excess of $15,000.00.

49. Mr. Miller has and will continue to suffer other general and special damages.

50. Defendants Marco Solorio and Leonard Morris acted with conscious disregard, express and implied malice, and/or oppressively towards Mr. Miller, which gives rise to and supports a claim for punitive damages.

51. As a result of these Defendants' tortious conduct and their status as an employee of Preventive Measures Security, liability is also imputed to Defendants Preventive Measures Security, under NRS 41.130 and NRS 41.745.

52. Specifically, liability is imputed to Defendant Preventive Measures Security under the theory of vicarious liability because Defendants Marco Solorio and Leonard Morris were

employees of Defendant Preventive Measures Security at the time of the subject incident; (2) their conduct was not a truly independent venture; (3) instead, they were acting in the course of the very task assigned to them by their employers; and (4) their conduct was reasonably foreseeable under the facts and circumstances of the case considering the nature and scope of their employment with Defendant Preventive Measures Security. *See Phipps v. Clark Cty. Sch. Dist.*, 164 F. Supp. 3d 1220, 1228 (D. Nev. 2016). *See also Shafer v. City of Boulder*, 896 F. Supp. 2d 915, 939 (D. Nev. 2012) *(respondeat superior* is a valid theory of liability against a government employer as to common law torts).

53. As a further direct and proximate result of these Defendants' conduct, Mr. Miller has been compelled to retain legal counsel to prosecute this action and is therefore entitled to attorney fees and costs, and interest thereon.

## FOURTH CLAIM FOR RELIEF

**(Intentional/Negligent Infliction of Emotional Distress – against Defendants Preventive Measures Security, Marco Solorio, and Leonard Morris)**

54. Mr. Miller repeats and realleges each of the allegations contained in the preceding and subsequent paragraphs of this complaint as fully set forth herein.

55. These Defendants intentionally or negligently caused Mr. Miller to suffer severe emotional distress as evidenced by their outrageous and unreasonable conduct surrounding his detention on September 21, 2021.

56. These Defendants conducted themselves with reckless disregard, inflicting emotional distress on Mr. Miller.

57. As a further direct and proximate result of the actions of these Defendants, Mr. Miller has endured emotional distress, pain and suffering, loss of enjoyment of life and medical expenses, all to his general damage in an amount in excess of $15,000.00.

58. As a further direct and proximate result of these Defendants' conduct, Mr. Miller has and will continue to suffer other general and special damages.

59. At all times relevant herein, these Defendants acted with conscious disregard, express and implied malice, and/or oppressively towards Mr. Miller, which gives rise to and supports a claim for punitive damages.

60. As a result of these Defendants' tortious conduct, liability is imputed to Defendant Preventive Measures Security, under NRS 41.130 and NRS 41.745 as well.

61. As a further direct and proximate result of these Defendants' conduct, Mr. Miller has been compelled to retain legal counsel to prosecute this action and is therefore entitled to attorney fees and costs, and interest thereon.

## FIFTH CLAIM FOR RELIEF

**(Violation of Article 1, Section 18 of the Constitution of the State of Nevada - against DOE CLARK COUNTY OFFICERS, DOE PREVENTIVE MEASURES SECURITY GUARDS, and DOE PRIVATE SECURITY GUARDS)**

62. Mr. Miller repeats and realleges each of the allegations contained in the preceding and subsequent paragraphs of this complaint as fully set forth herein.

63. The Constitution of Nevada provides, "the right of the people to be secure in their persons, houses, papers and effects against unreasonable seizures and searches shall not be violated." Nev. Const. art. I, § 18.

64. The actions of these Defendants, as described above, violated the constitutional guarantees articulated in Article 1, Section 18 of the Constitution of the State of Nevada, *i.e.*, for Mr. Miller to be free from unreasonable seizures or excessive force.

65. Defendants DOE CLARK COUNTY OFFICERS, DOE PREVENTIVE MEASURES SECURITY GUARDS, and DOE PRIVATE SECURITY GUARDS' conduct during their detention of Mr. Miller was objectively unreasonable and violated Mr. Miller's constitutionally protected rights.

66. As a further direct and proximate result of the DOE CLARK COUNTY OFFICERS, DOE PREVENTIVE MEASURES SECURITY GUARDS, and DOE PRIVATE SECURITY GUARDS' unconstitutional conduct, Mr. Miller has and will continue to suffer general and special damages.

67. As a further direct and proximate result of DOE CLARK COUNTY OFFICERS, DOE PREVENTIVE MEASURES SECURITY GUARDS, and DOE PRIVATE SECURITY GUARDS' unconstitutional conduct, Mr. Miller has been compelled to retain legal counsel to prosecute this action and is therefore entitled to attorney fees and costs, and interest thereon.

## SIXTH CLAIM FOR RELIEF

### (Negligence/Premises Liability - against All Defendants)

68. Mr. Miller repeats and realleges each of the allegations contained in the preceding and subsequent paragraphs of this complaint as fully set forth herein.

69. Defendants Marco Solorio and Leonard Morris had a duty not to physically harm Mr. Miller while carrying out the respective security services their employer – Preventative Measures Security – contracted with Clark County to provide at the County Commission Chamber Meetings.

70. Under the doctrines of respondent superior/vicarious liability, NRS 41.130, and relevant case law, Defendant Preventive Measures Security is vicariously liable, jointly, and severally, for the damages suffered by Mr. Miller as a direct and proximate result of their agency relationship with Marco Solorio and Leonard Morris.

71. Defendant Clark County had a duty to ensure the subject metal detector was properly anchored to the ground to prevent it from toppling over in the manner in which it did after DOE CLARK COUNTY OFFICERS, DOE PREVENTIVE MEASURES SECURITY GUARDS, and/or DOE PRIVATE SECURITY GUARDS violently tackled Mr. Miller through the subject metal detector.

72. Defendants failed to properly carry out their security services, causing harm to Mr. Miller.

73. Defendant Clark County failed to ensure that the subject metal detector was properly anchored to the ground to prevent it from toppling over in manner in which it did, contributing to Mr. Miller's injuries in this matter.

74. As a direct and proximate result of Defendants' negligence, Mr. Miller sustained substantial injuries, which caused him pain for a significant amount of time, all to his damage in a sum in excess of $15,000.00.

75. As a direct and proximate result of Defendants' negligence, Mr. Miller received medical and other treatment for his injuries. Said services, care, and treatment are continuing and shall continue in the future, all to his damage.

76. As a direct and proximate result of Defendants' negligence, Mr. Miller has been limited in his occupational and recreational activities, which has caused and shall continue to cause him mental anguish and loss of enjoyment of life, in a presently unascertainable amount.

77. Plaintiff's harms and losses, which are to be fully set forth and proven at trial, were proximately caused by Defendants' negligence.

## SEVENTH CLAIM FOR RELIEF

**(Negligent Hiring, Training, Supervision, and Retention – against Defendant Preventative Measures Security and Clark County)**

78. Mr. Miller repeats and realleges each of the allegations contained in the preceding and subsequent paragraphs of this complaint as fully set forth herein.

79. Defendant Preventative Measures Security owed a duty of care to Mr. Miller to exercise due care in hiring, training, supervision, and retaining its employees/agents, ensuring that their employees are fit for their positions – particularly with respect to ensuring that Marco Solorio and Leonard Morris were adequately trained with respect to properly carrying out their duties pursuant to company policy and the provision of security services pursuant to the contract Preventative Measures Security and Clark County had at the time of the subject incident.

80. Defendant Preventative Measures Security breached this duty of care to Mr. Miller, by failing to train and/or retain and/or supervise Marco Solorio, Leonard Morris and/or other PREVENTIVE MEASURES SECURITY in relation to providing security services under the agreement at the subject meeting.

81. As a direct and proximate result of Defendant Preventative Measures Security's negligence, Mr. Miller sustained substantial injuries which caused his pain for a significant amount of time and all to his damage in a sum in excess of $15,000.00.

82. As a direct and proximate result of Defendant Preventative Measures Security's negligence, Mr. Miller received medical and other treatment for his injuries, and said services, care, and treatment are continuing and shall continue in the future, all to the damage of Mr. Miller.

83. As a direct and proximate result of Defendant Preventative Measures Security's negligence, Mr. Miller has been limited in his occupational and recreational activities, which has caused and shall continue to cause Plaintiff loss of earning capacity, lost wages, physical impairment, mental anguish, and loss of enjoyment of life, in a presently unascertainable amount.

84. As a direct and proximate result of Defendant Preventative Measures Security's negligence, Mr. Miller has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

## **JURY DEMAND**

Mr. Miller demands a jury trial on all issues triable by a jury.

. . .

**PRAYER FOR RELIEF**

WHEREFORE, Mr. Miller prays for relief and judgment against Defendants as follows:

1. General damages in an amount in excess of $15,000.00;
2. Special damages for medical and incidental expenses incurred and to be incurred;
3. Consequential and/or incidental damages, including attorney's fees and emotional distress;
4. Punitive damages;
5. Pre-judgment and post-judgment interest;
6. Costs of suit incurred herein; and
7. For such other and further relief as the Court may deem just and proper.

Dated this 11th day of October, 2023.

**RICHARD HARRIS LAW FIRM**

*/s/ Jonathan B. Lee*

Jonathan B. Lee, Esq
Nevada Bar No. 13524
801 South Fourth Street
Las Vegas, Nevada 89101
*Attorneys for Plaintiff Mack Miller*

**CERTIFICATE OF SERVICE**

Pursuant to NEFCR 9, NRCP 5(b), LR IC 4-1, and/or FRCP 5(b), I hereby certify that on this date, I caused to be served a true copy of the foregoing **PLAINTIFF MACK MILLER'S FIRST AMENDED COMPLAINT AND JURY DEMAND** as follows:

☐ **U.S. Mail:** By depositing a true and correct copy of said document(s) via U.S. mail, with postage pre-paid and addressed as listed below.

☒ **Hand Delivery:** I caused said document(s) to be delivered to the address(es) list below;

☐ **Electronic Mail:** I caused said document(s) to be delivered by emailing an attached Adobe Acrobat PDF of the document to the email address(es) identified above.

☒ **Electronic Service:** I caused said document to be delivered by electronic means upon all eligible electronic recipients via the United States District Court CM/ECF system or Clark County District Court E-Filing system (Odyssey).

Joel K. Browning, Esq.
Clark County District Attorney
500 South Grand Central Parkway, Suite 5075
Las Vegas, Nevada 89155
*Attorney for Defendant, Clark County*

Russell D. Christian, Esq.
Thomas E. McGrath, Esq.
Tyson & Mendes
2835 St. Rose Parkway, Suite 140
Henderson, Nevada 89052
*Attorney for Defendant, Preventive Measures Security Firm, LLC*

Dated this 11th day of October, 2023.

*/s/ Nicole Gilenson*
An employee of the Richard Harris Law Firm