UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Mack Miller,<br><br>               Plaintiff,<br><br>    v.<br><br>Clark County, Nevada, a political subdivision; Doe Clark County Officers in their personal capacities; Doe Private Security Guards in their personal capacities; Preventative Measures Security Firm, LLC, a domestic limited liability company; et al.,<br><br>               Defendants.<br><br>And related cross claims. | Case No. 2:23-cv-00070-CDS-DJA<br><br>Order |

Before the Court is Defendant Clark County's motion to take the deposition of Plaintiff Mack Miller, who is currently incarcerated (ECF No. 14) and Clark County's motion to amend its cross claim (ECF No. 19). Plaintiff filed non-oppositions to both motions. (ECF Nos. 20, 24). No other party responded to either motion. The Court thus grants both motions.

**I.**     **Discussion.**

    **A.**     ***Clark County's motion to depose Plaintiff.***

Under Federal Rule of Civil Procedure 30(a)(2)(B) a party seeking to depose a witness in custody must obtain leave of court. "The Court 'must grant leave to the extent consistent with Rule 26(b)(1) [defining the scope of relevant discovery] and (2) [granting the Court discretion to limit discovery under some circumstances].'" *Medina v. County of Los Angeles*, No. 2:21-cv-05554-DMG-KESx, 2022 WL 16847547, at \*3 (C.D. Cal. Oct. 4, 2022) (citing Fed. R. Civ. P. 30(a)(2)). "The circumstances addressed in Rule 26(b)(2) are (1) whether the discovery is cumulative or duplicative or is readily obtainable from another more convenient source; (2) whether the party seeking the discovery has had ample opportunity to obtain the information;

and/or (3) whether the discovery falls outside the scope of discovery permitted by Rule 26(b)(1)." *Id.* "Other courts considering motions to depose incarcerated persons under Rule 30(a)(2)(B) have considered whether the requested deposition[:] (1) is relevant and proportional to the needs of the case per Rule 26(b)(1)[;] and (2) implicates any of the concerns listed in Rule 26(b)(2)." *Id.* (citing *Becker v. OSB Inv., LLC*, No. 2:19-mc-00032-MWF, 2019 WL 12381108, at *1-2 (C.D. Cal. Apr. 5, 2019) and *Griffin v. Johnson*, No. 1:13-cv-01599, 2016 WL 4764670, at *1-2 (E.D. Cal. Sep. 12, 2016)).

The Court grants Clark County's motion to depose Plaintiff and to video record the deposition.[1] The Court finds that Clark County has demonstrated that the discovery is not duplicative or obtainable from another source because Plaintiff is a key party in this case, that Clark County will not have another opportunity to obtain the information because Plaintiff will likely remain incarcerated until after trial, and that the discovery is relevant and proportional. Additionally, Plaintiff does not oppose the motion.

### B.     *Clark County's motion to amend cross-claim.*

Clark County moves to amend its cross-claim against Preventative Measures Security Firm, LLC to add newly-discovered causes of action for negligent hiring, training, supervision, and retention. (ECF No. 19). Plaintiff filed a non-opposition to the motion. (ECF No. 20). Preventative Measures did not respond.

Because courts in the Ninth Circuit grant leave to amend with liberality and because no party opposes, the Court grants Clark County's motion to amend. Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). There is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). The Ninth Circuit has made clear that courts should apply Rule 15(a) with "extreme liberality." *Eminence Capital, LLC v.*

---

[1] At the end of the motion, Clark County asks the Court to "issue an order granting this leave to both Defendants in this case." (ECF No. 14 at 4). Defendant Preventative Measures has not moved to depose Plaintiff. Nor has it joined Clark County's motion. Without more, the Court will not extend its ruling to Preventative Measures.

*Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Additionally, under Local Rule 7-2(d), the failure of an opposing party to file points and authorities in response to any motion constitutes a consent to the granting of the motion. LR 7-2(d). Considering the strong public policy in favor of permitting amendment, the Ninth Circuit's caution to apply Rule 15(a) with extreme liberality, and that no party has opposed, granting leave to amend is appropriate here. The Court thus grants Clark County's motion to amend.

**IT IS THEREFORE ORDERED** that Clark County's motion to depose Plaintiff (ECF No. 14) is **granted.** The Southern Desert Correctional Center shall allow for the videotaped deposition of Mack Miller, Inmate No. 1272034 at a date and time that is mutually convenient for the parties and the prison.

**IT IS FURTHER ORDERED** that Clark County's motion to amend its cross-claim (ECF No. 19) is **granted.** Clark County must file and serve its amended cross-claim as required by Local Rule 15-1(b).

DATED: January 2, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE