**SAO**
Jonathan B. Lee, Esq.
Nevada Bar No. 13524
**RICHARD HARRIS LAW FIRM**
801 South Fourth Street
Las Vegas, Nevada 89101
Phone: (702) 444-4444
Fax: (702) 444-4455
Email: jlee@richardharrislaw.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MACK MILLER, an individual;<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CLARK COUNTY, NEVADA, a political subdivision; DOE CLARK COUNTY OFFICERS, in their personal capacities; DOE PRIVATE SECURITY GUARDS, in their personal capacities; PREVENTIVE MEASURES SECURITY FIRM, LLC, a domestic limited liability company; MARCO SOLORIO, individually; LEONARD MORRIS, individually; ROE PRIVATE SECURITY COMPANY; DOES 1 through 20; ROE BUSINESS ENTITIES 1 through 20, inclusive jointly and severally,<br><br>　　　　　Defendants.<br>CLARK COUNTY, a Political Subdivision of State of Nevada,<br><br>　　　　　Cross-claimant,<br><br>vs.<br><br>PREVENTIVE MEASURES SECURITY FIRM, LLC, a domestic limited liability company.<br><br>　　　　　Cross-defendant, | CASE NO. 2:23-cv-00070-CDS-DJA<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES**<br><br>(Second Request) |

　　　IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto, by and through their respective counsel that the discovery deadlines shall be extended in this matter.

I. **DISCOVERY COMPLETED TO DATE**

The parties have participated in the following discovery to date:

1. Plaintiff's FRCP 26(a)(1) Initial disclosures;
2. Plaintiff's FRCP 26(a)(1) First Supplemental disclosures;
3. Plaintiff's FRCP 26(a)(1) Second Supplemental disclosures;
4. Plaintiff's FRCP 26(a)(1) Third Supplemental disclosures;
5. Plaintiff's FRCP 26(a)(1) Fourth Supplemental disclosures;
6. Plaintiff's FRCP 26(a)(1) Fifth Supplemental disclosures;
7. Plaintiff's FRCP 26(a)(1) Sixth Supplemental disclosures;
8. Plaintiff's FRCP 26(a)(1) Seventh Supplemental disclosures;
9. Plaintiff's FRCP 26(a)(1) Eighth Supplemental disclosures;
10. Defendant Clark County's FRCP 26(a)(1) Initial disclosures;
11. Defendant Clark County's FRCP 26(a)(1) First Supplemental disclosures;
12. Defendant Clark County's FRCP 26(a)(1) Second Supplemental disclosures;
13. Defendant Clark County's FRCP 26(a)(1) Third Supplemental disclosures;
14. Defendant Preventative Measures' FRCP 26(a)(1) Initial disclosures;
15. Defendant Preventative Measures' FRCP 26(a)(1) First Supplemental disclosures;
16. Defendant Preventative Measures' FRCP 26(a)(1) Second Supplemental disclosures;
17. Defendant Preventative Measures' FRCP 26(a)(1) Third Supplemental disclosures;
18. Defendant Clark County's First Set of Requests for Admissions to Preventive Measures;
19. Defendant Clark County's First Set of Requests for Production of Documents to Preventive Measures;
20. Defendant Clark County's First Set of Interrogatories to Preventive Measures;
21. Defendant Preventive Measures' Response to Defendant Clark County's First Set of Requests for Admissions;
22. Defendant Preventive Measures' Response to Defendant Clark County's First Set

of Requests for Production of Documents;

23. Defendant Preventive Measures' Response to Defendant Clark County's First Set of Interrogatories;

24. Defendant Clark County's First Set of Interrogatories to Plaintiff;

25. Defendant Clark County's First Set of Requests for Admissions to Plaintiff;

26. Defendant Clark County's First Set of Requests for Production of Documents to Plaintiff;

27. Plaintiff's Responses to Defendant Clark County's First Set of Requests for Admissions;

28. Plaintiff's Responses to Defendant Clark County's First Set of Requests for Production of Documents;

29. Plaintiff's Responses to Defendant Clark County's First Set of Interrogatories;

30. Defendant Preventive Measures' First Set of Interrogatories to Plaintiff;

31. Defendant Preventive Measures' First Set of Requests for Admissions to Plaintiff;

32. Defendant Preventive Measures' First Set of Requests for Production of Documents to Plaintiff;

33. Plaintiff's Responses to Defendant Preventive Measures First Set of Requests for Admissions;

34. Plaintiff's Responses to Defendant Preventive Measures First Set of Requests for Production of Documents;

35. Plaintiff's Responses to Defendant Preventive Measures First Set of Interrogatories;

36. Plaintiff's First Set of Interrogatories to Defendant Preventive Measures;

37. Plaintiff's First Set of Requests for Admissions to Defendant Preventive Measures;

38. Plaintiff's First Set of Requests for Production to Defendant Preventive Measures;

39. Plaintiff's First Set of Interrogatories to Defendant Clark County;

40. Plaintiff's First Set of Requests for Admissions to Defendant Clark County;

41. Plaintiff's First Set of Requests for Production to Defendant Clark County;

42. Defendant Preventive Measures' Responses to Plaintiff's First Set of Requests for Admissions to Defendant Preventive Measures;

43. Defendant Clark County's Responses to Plaintiff's First Set of Interrogatories to Defendant Clark County;

44. Defendant Clark County's Responses to Plaintiff's First Set of Requests for Admissions to Defendant Clark County;

45. Defendant Clark County's Responses to Plaintiff's First Set of Requests for Production to Defendant Clark County;

46. Defendant Preventive Measures' Responses to Plaintiff's First Set of Interrogatories and Request for Production; and

**II.   DISCOVERY REMAINING TO BE COMPLETED**

1. Deposition of Plaintiff (currently scheduled for February 21, 2024);
2. Deposition of Kate Murray (currently scheduled for February 15, 2024);
3. Deposition of Brian Cooperman (currently scheduled for February 15, 2024);
4. Deposition of Elando Johnson (currently scheduled for February 15, 2024);
5. Deposition of newly added Defendant Marco Solorio;
6. Deposition of newly added Defendant Leonard Morris;
7. Deposition of David Sutton (current or former employee of Defendant Preventative Measures);
8. Depositions of other fact witnesses present at the County Commission meeting during the subject incident;
9. Supplemental FRCP 26 disclosures;
10. Expert disclosures;
11. Deposition of parties' treating physicians and/or experts;
12. Any additional discovery that is necessary as the parties proceed through discovery.

**III.   REASONS WHY DISCOVERY NOT COMPLETED WITHIN TIME SET BY DISCOVERY PLAN**

A motion to extend deadlines articulated in the court's scheduling order must be supported by a showing of good cause. *See* Local Rule 26-3; *see also Johnson v. Mammoth Recreations, Inc.*,

975 F.2d 604, 608-09 (9th Cir. 1992). Good cause to extend a deadline exists if it cannot reasonably be met despite the diligence of the party seeking extension. *Johnson*, 975 F.2d at 609. In the instant matter, all parties have diligently attempted to comply with the Court's scheduling order – however, the parties have determined they will be unable to obtain unable to obtain and produce key evidence related to the incident and alleged damages, which then deprives the parties and their respective experts of access to all evidence to formulate their opinions, complete their evaluations and prepare their reports accordingly, as well as impairs counsels ability to reach a proper determination as to further discovery needed. A few procedural issues have been pending that have influenced the parties' ability to conduct the necessary discovery in this matter:

1. Mr. Miller was recently incarcerated and is currently an inmate at Southern Desert Correctional Center. On October 2, 2023, Defendant Clark County filed a motion for leave to take Mr. Miller's deposition. *See* ECF Doc. 14. Plaintiff's counsel filed a notice of non-opposition on October 18, 2023. *See* ECF Doc. 24. **On January 2, 2024, the Court granted Defendant Clark County's Motion to take Plaintiff's deposition. *See* ECF Doc. 33. The parties have already coordinated with Southern Desert Correctional Center to conduct Plaintiff's in-person deposition on February 21, 2024.**

2. On October 10, 2023, the Court issued an order granting Mr. Miller's request to amend his complaint to add Defendants Marco Solorio and Leonard Morris. *See* ECF Doc. 15. Mr. Miller subsequently filed the First Amended Complaint ("FAC") the following day. *See* ECF Doc. 17. Service of the first amended complaint and summonses has been complete. Defendant Solorio and Morris recently filed an answer to the FAC on January 11, 2024. *See* ECF Doc. 35 and 36.

**3.** On October 16, 2023, Defendant Clark County moved to amend the Crossclaim that it asserted against Defendant Preventative Measures. *See* ECF Doc. 19. **On January 2, 2024, the Court also granted Defendant Clark County's motion to amend the cross claim that it asserted against Defendant Preventative Measures. *See* ECF Doc. 33. Defendant/Cross claimant Clark County subsequently filed its amended cross claim on January 10, 2024. *See* ECF Doc. 34. Defendant/Cross defendant Preventative Measures has yet to respond Defendant/Cross claimant Clark County's amended cross claim.**

**4. On October 24, 2023, Plaintiff conferred with counsel for the Defendants via email about the deposition availability of the following current or former employees of the Defendants: Elando Johnson (Clark County employee), Katie Murray (Clark County employee), Brian Copperman (Clark County employee), Jon Kitchen (Preventative Measures employee), and David Sutton (Preventative Measures employee). Since Plaintiff's inquiry regarding these depositions, Defense counsel has diligently attempted to locate/coordinate the availability of these current/former employees. Recently, the parties were able to set the depositions Elando Johnson (Clark County employee), Katie Murray (Clark County employee), Brian Copperman (Clark County employee) – which are all scheduled for February 15, 2024. The parties are still trying to coordinate the deposition availability Jon Kitchen (Preventative Measures employee), David Sutton (Preventative Measures employee) along with the newly added defendants, Marco Solorio and Leonard Morris. however, with little success.**

**5. Lastly, counsel for Defendant Preventative Measures has a firm trial setting through mid-February 2024.**

In sum, the parties cannot meet the expert deadline and complete discovery within the current dates due to the reasons above. The parties believe that the depositions of Mr. Miller and the current and former employees of Clark County and Preventative Measures are critical to the opinions of the parties' liability experts in this matter and, out of an abundance of caution, the parties seek the requested extension to ensure that there is sufficient time to locate these employees, set their respective depositions, and to allow the parties' expert witnesses to a fair opportunity to consider these individuals' testimony so that they can formulating their expert opinions. Equally important, the parties are also engaging in attempts to resolve this matter before expending more time and resources on discovery. Accordingly, the parties respectfully request that the discovery deadlines in this matter be extended by an additional ninety (90) days. requested extension will ensure all parties have a full and fair opportunity to litigate the claims and defenses on the merits. Therefore, and as set forth below, due diligence and good cause can be shown to allow the Court, in its discretion, to extend the remaining deadlines as requested.

IV. **PROPOSED SCHEDULE FOR COMPLETING DISCOVERY**

Based on the foregoing, the proposed schedule for completing discovery is as follows:

| Discovery Deadline | Current Deadline | Proposed Deadline |
|---|---|---|
| Motion to Amend/Add Parties | No extension | No extension |
| Plaintiff's Initial Expert Disclosures | 02.12.2024 | 05.13.2024 |
| All Rebuttal Expert Disclosures | 03.12.2024 | 06.10.2024 |
| Discovery Cut-Off Date | 04.11.2024 | 07.10.2024 |
| Dispositive Motions | 05.13.2024 | 08.12.2024 |

Dated this 29th day of January, 2024.
**RICHARD HARRIS LAW FIRM**

/s/ Jonathan B. Lee
_____
Jonathan B. Lee, Esq.
Nevada Bar Number 13524
801 South Fourth Street
Las Vegas, Nevada 89101
*Attorneys for Plaintiff*

Dated this 29th day of January, 2024.
**CLARK COUNTY DISTRICT ATTORNEY**

/s/ Joel K. Browning
_____
Joel K. Browning, Esq.
Nevada Bar No. 14489
500 South Grand Central Parkway, Suite 5075
Las Vegas, Nevada 89155
*Attorneys for Defendant, Clark County*

Dated this 29th day of January, 2024.
**TYSON & MENDES**

/s/ Russell D. Christian
_____
Russell D. Christian, Esq.
Nevada Bar No. 11785
2835 St. Rose Parkway, Suite 140
Henderson, Nevada 89052
*Attorneys for Defendant,*
*Preventive Measures Security Firm, LLC*

**ORDER**

**IT IS SO ORDERED subject to the following modification.** The parties' proposed schedule fails to include a deadline for filing their joint pretrial order. Accordingly, the deadline to file the Joint Pretrial Order is **September 11, 2024.** If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order.

DATED this 31st day of January 2024.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

7