**SAO**
Jonathan B. Lee, Esq.
Nevada Bar No. 13524
**RICHARD HARRIS LAW FIRM**
801 South Fourth Street
Las Vegas, Nevada 89101
Phone: (702) 444-4444
Fax: (702) 444-4455
Email: jlee@richardharrislaw.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MACK MILLER, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>CLARK COUNTY, NEVADA, a political subdivision; DOE CLARK COUNTY OFFICERS, in their personal capacities; DOE PRIVATE SECURITY GUARDS, in their personal capacities; PREVENTIVE MEASURES SECURITY FIRM, LLC, a domestic limited liability company; MARCO SOLORIO, individually; LEONARD MORRIS, individually; ROE PRIVATE SECURITY COMPANY; DOES 1 through 20; ROE BUSINESS ENTITIES 1 through 20, inclusive jointly and severally,<br><br>Defendants. | CASE NO. 2:23-cv-00070-CDS-DJA<br><br>~~STIPULATION AND~~ **ORDER TO EXTEND DISCOVERY DEADLINES**<br><br>**(Third Request)** |
| CLARK COUNTY, a Political Subdivision of State of Nevada,<br><br>Cross-claimant,<br><br>vs.<br><br>PREVENTIVE MEASURES SECURITY FIRM, LLC, a domestic limited liability company.<br><br>Cross-defendant, | |

IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto, by and through their respective counsel that the discovery deadlines shall be extended in this matter.

## I. DISCOVERY COMPLETED TO DATE[1]

The parties have participated in the following discovery to date:

1. Plaintiff's FRCP 26(a)(1) Initial disclosures;
2. Plaintiff's FRCP 26(a)(1) First Supplemental disclosures;
3. Plaintiff's FRCP 26(a)(1) Second Supplemental disclosures;
4. Plaintiff's FRCP 26(a)(1) Third Supplemental disclosures;
5. Plaintiff's FRCP 26(a)(1) Fourth Supplemental disclosures;
6. Plaintiff's FRCP 26(a)(1) Fifth Supplemental disclosures;
7. Plaintiff's FRCP 26(a)(1) Sixth Supplemental disclosures;
8. Plaintiff's FRCP 26(a)(1) Seventh Supplemental disclosures;
9. Plaintiff's FRCP 26(a)(1) Eighth Supplemental disclosures;
10. Defendant Clark County's FRCP 26(a)(1) Initial disclosures;
11. Defendant Clark County's FRCP 26(a)(1) First Supplemental disclosures;
12. Defendant Clark County's FRCP 26(a)(1) Second Supplemental disclosures;
13. Defendant Clark County's FRCP 26(a)(1) Third Supplemental disclosures;
14. Defendant Preventive Measures' FRCP 26(a)(1) Initial disclosures;
15. Defendant Preventive Measures' FRCP 26(a)(1) First Supplemental disclosures;
16. Defendant Preventive Measures' FRCP 26(a)(1) Second Supplemental disclosures;
17. Defendant Preventive Measures' FRCP 26(a)(1) Third Supplemental disclosures;
18. Defendant Clark County's First Set of Requests for Admissions to Preventive Measures;
19. Defendant Clark County's First Set of Requests for Production of Documents to Preventive Measures;
20. Defendant Clark County's First Set of Interrogatories to Preventive Measures;

---

[1] The numbered paragraphs in bold indicate tbe discovery that has been completed since the last requested extension.

21. Defendant Preventive Measures' Response to Defendant Clark County's First Set of Requests for Admissions;

22. Defendant Preventive Measures' Response to Defendant Clark County's First Set of Requests for Production of Documents;

23. Defendant Preventive Measures' Response to Defendant Clark County's First Set of Interrogatories;

24. Defendant Clark County's First Set of Interrogatories to Plaintiff;

25. Defendant Clark County's First Set of Requests for Admissions to Plaintiff;

26. Defendant Clark County's First Set of Requests for Production of Documents to Plaintiff;

27. Plaintiff's Responses to Defendant Clark County's First Set of Requests for Admissions;

28. Plaintiff's Responses to Defendant Clark County's First Set of Requests for Production of Documents;

29. Plaintiff's Responses to Defendant Clark County's First Set of Interrogatories;

30. Defendant Preventive Measures' First Set of Interrogatories to Plaintiff;

31. Defendant Preventive Measures' First Set of Requests for Admissions to Plaintiff;

32. Defendant Preventive Measures' First Set of Requests for Production of Documents to Plaintiff;

33. Plaintiff's Responses to Defendant Preventive Measures First Set of Requests for Admissions;

34. Plaintiff's Responses to Defendant Preventive Measures First Set of Requests for Production of Documents;

35. Plaintiff's Responses to Defendant Preventive Measures First Set of Interrogatories;

36. Plaintiff's First Set of Interrogatories to Defendant Preventive Measures;

37. Plaintiff's First Set of Requests for Admissions to Defendant Preventive Measures;

38. Plaintiff's First Set of Requests for Production to Defendant Preventive Measures;

39. Plaintiff's First Set of Interrogatories to Defendant Clark County;

40. Plaintiff's First Set of Requests for Admissions to Defendant Clark County;

41. Plaintiff's First Set of Requests for Production to Defendant Clark County;

42. Defendant Preventive Measures' Responses to Plaintiff's First Set of Requests for Admissions to Defendant Preventive Measures;

43. Defendant Clark County's Responses to Plaintiff's First Set of Interrogatories to Defendant Clark County;

44. Defendant Clark County's Responses to Plaintiff's First Set of Requests for Admissions to Defendant Clark County;

45. Defendant Clark County's Responses to Plaintiff's First Set of Requests for Production to Defendant Clark County;

46. Defendant Preventive Measures' Responses to Plaintiff's First Set of Interrogatories and Request for Production;

**47. Deposition of Plaintiff (completed February 21, 2024);**

**48. Deposition of Kate Murray (completed February 15, 2024);**

**49. Deposition of Brian Cooperman (completed February 15, 2024);**

**50. Deposition of Elando Johnson (completed February 15, 2024);**

**51. Plaintiff's FRCP 26(a)(1) Ninth Supplemental disclosures;**

**52. Defendant Clark County's FRCP 26(a)(1) Fourth Supplemental disclosures;**

**53. Defendant Clark County's FRCP 26(a)(1) Fifth Supplemental disclosures;**

**54. Defendant Clark County's FRCP 26(a)(1) Sixth Supplemental disclosures;**

**55. Defendant Preventive Measures' FRCP 26(a)(1) Fourth Supplemental disclosures; and**

**56. Defendant Preventive Measures' FRCP 26(a)(1) Fifth Supplemental disclosures.**

II. DISCOVERY REMAINING TO BE COMPLETED

1. Deposition of Defendant Marco Solorio;

2. Deposition of Defendant Leonard Morris;

4

3.        Deposition of Chief James Rogers (currently noticed for May 9, 2024);

4.        Deposition of Defendant Clark County's FRCP 30(b)(6) designee(s);

5.        Deposition of David Sutton/FRCP 30(b)(6) designee(s) for Defendant Preventive Measures;

6.        Depositions of other fact witnesses present at the County Commission meeting during the subject incident;

7.        Supplemental FRCP 26 disclosures;

8.        Expert disclosures;

9.        Deposition of parties' treating physicians and/or experts; and

10.       Any additional discovery that is necessary as the parties proceed through discovery.

**III.    REASONS WHY DISCOVERY NOT COMPLETED WITHIN TIME SET BY DISCOVERY PLAN**

A motion to extend deadlines articulated in the court's scheduling order must be supported by a showing of good cause. *See* Local Rule 26-3; *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992). Good cause to extend a deadline exists if it cannot reasonably be met despite the diligence of the party seeking extension. *Johnson*, 975 F.2d at 609. In the instant matter, all parties have diligently attempted to comply with the Court's scheduling order – however, the parties have determined they will be unable to obtain unable to obtain and produce key evidence related to the incident and alleged damages, which then deprives the parties and their respective experts of access to all evidence to formulate their opinions, complete their evaluations and prepare their reports accordingly, as well as impairs counsels ability to reach a proper determination as to further discovery needed.

On January 29, 2024, the parties entered a stipulation to extend the discovery deadlines in this case primarily based on the recent addition of two defendants, Marco Solorio and Leonard Morris (i.e., the former Preventive Measures security that physically escorted Mr. Miller from the Clark County Government Center), and to accommodate the depositions of Plaintiff Mack Miller (who has been confined Southern Desert Correctional Center since July 2023) and the former and current employees of Defendant Clark County and Preventive Measures. Since the parties entered that stipulation: (1) Defendants Marco Solorio and Leonard Morris have answered Plaintiff's

amended complaint; (2) Mr. Miller has been deposed; (3) Clark County employees Kate Murray, Brian Cooperman, and Elando Johnson have been deposed; (4) the depositions of James Rogers and the FRCP 30(b)(6) designee of Clark County has been coordinated; and (5) the parties have served several supplemental disclosures, identifying additional witnesses and documents.

However, the parties have not been able to secure the depositions of Defendants Marco Solorio and Leonard Morris. Plaintiff counsel has tried to set the depositions of Defendants Solorio and Morris since the end of 2023 – to no avail. Defendants Solorio and Morris are currently represented by Russell Christian, Esq. Mr. Christian has diligently attempted to obtain the deposition availability of Defendants Solorio and Morris; however, he has not been able to successfully secure the deposition availability of Defendants Solorio and Morris. Nevertheless, these particular depositions will be critical to the claims and defenses in the instant action and will have a direct impact on the opinions of the parties' retained experts.[2] Further, Defendant Preventive Measures needs additional time to complete written discovery that was served in the fall of 2023. Accordingly, the parties respectfully request that the discovery deadlines in this matter be extended by an additional sixty (60) days. requested extension will ensure all parties have a full and fair opportunity to litigate the claims and defenses on the merits. Therefore, and as set forth below, due diligence and good cause can be shown to allow the Court, in its discretion, to extend the remaining deadlines as requested.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

---

[2] Plaintiff has retained Mark Meredith, a police practices and premises security expert in the instant matter.

## IV. PROPOSED SCHEDULE FOR COMPLETING DISCOVERY

Based on the foregoing, the proposed schedule for completing discovery is as follows:

| Discovery Deadline | Current Deadline | Proposed Deadline |
|---|---|---|
| Motion to Amend/Add Parties | No extension | No extension |
| Initial Expert Disclosures | 05.13.2024 | 07.12.2024 |
| All Rebuttal Expert Disclosures | 06.10.2024 | 08.12.2024 |
| Discovery Cut-Off Date | 07.10.2024 | 09.10.2024 |
| Dispositive Motions | 08.12.2024 | 10.10.2024 |

Dated this __ day of May, 2024.
**RICHARD HARRIS LAW FIRM**

/s/ Jonathan B. Lee
_____
Jonathan B. Lee, Esq.
Nevada Bar Number 13524
801 South Fourth Street
Las Vegas, Nevada 89101
*Attorneys for Plaintiff*

Dated this __ day of May, 2024.
**CLARK COUNTY DISTRICT ATTORNEY**

/s/
_____
Joel K. Browning, Esq.
Nevada Bar No. 14489
500 South Grand Central Parkway, Suite 5075
Las Vegas, Nevada 89155
*Attorneys for Defendant, Clark County*

Dated this __ day of April, 2024.
**TYSON & MENDES**

/s/
_____
Russell D. Christian, Esq.
Nevada Bar No. 11785
2835 St. Rose Parkway, Suite 140
Henderson, Nevada 89052
*Attorneys for Defendant,
Preventive Measures Security Firm, LLC*

## ORDER

IT IS SO ORDERED.

Dated: May 6, 2024 .

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

7