**SAO**
LEONARD T. FINK, ESQ.
Nevada Bar No. 6296
NAKESHA S. DUNCAN-PEREZ, ESQ.
Nevada Bar No. 11556
CARMEN A. ERMER, ESQ.
Nevada Bar No. 16075
**SPRINGEL & FINK LLP**
9075 W. Diablo Drive, Suite 302
Las Vegas, Nevada 89148
Telephone:   (702) 804-0706
E-Mail:   lfink@springelfink.com
            nduncan@springelfink.com
            cermer@springelfink.com
            efiling@spingelfink.com

Attorneys for Defendants/Cross-Defendant
*PREVENTIVE MEASURES SECURITY FIRM, LLC, MARCO SOLORIO and LEONARD MORRIS*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MACK MILLER, an individual;<br><br>                    Plaintiff,<br><br>vs.<br><br>CLARK COUNTY, NEVADA, a political subdivision; DOE CLARK COUNTY OFFICERS, in their personal capacities; DOE PRIVATE SECURITY GUARDS, in their personal capacities; PREVENTIVE MEASURES SECURITY FIRM, LLC, a domestic limited liability company; MARCO SOLORIO, individually; LEONARD MORRIS, individually; ROE PRIVATE SECURITY COMPANY; DOES 1 through 20; ROE BUSINESS ENTITIES 1 through 20, inclusive jointly and severally,<br><br>                    Defendants.<br><br>CLARK COUNTY, a Political Subdivision of State of Nevada,<br><br>                    Cross-Claimant, | Case No.:  2:23-cv-00070-CDS-DJA<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES**<br><br>**[FOURTH REQUEST]** |

vs.

PREVENTIVE MEASURES SECURITY FIRM, LLC, a domestic limited liability Company,

Cross-Defendant.

**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES**
**[FOURTH REQUEST]**

IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto, by and through their respective counsel, that the discovery deadlines shall be extended in this matter.

**I. DISCOVERY COMPLETED TO DATE**

The parties have participated in the following discovery to date:

1. Plaintiff's FRCP 26(a)(1) Initial disclosures;

2. Plaintiff's FRCP 26(a)(1) First Supplemental disclosures;

3. Plaintiff's FRCP 26(a)(1) Second Supplemental disclosures;

4. Plaintiff's FRCP 26(a)(1) Third Supplemental disclosures;

5. Plaintiff's FRCP 26(a)(1) Fourth Supplemental disclosures;

6. Plaintiff's FRCP 26(a)(1) Fifth Supplemental disclosures;

7. Plaintiff's FRCP 26(a)(1) Sixth Supplemental disclosures;

8. Plaintiff's FRCP 26(a)(1) Seventh Supplemental disclosures;

9. Plaintiff's FRCP 26(a)(1) Eighth Supplemental disclosures;

10. Defendant Clark County's FRCP 26(a)(1) Initial disclosures;

11. Defendant Clark County's FRCP 26(a)(1) First Supplemental disclosures;

12. Defendant Clark County's FRCP 26(a)(1) Second Supplemental disclosures;

13. Defendant Clark County's FRCP 26(a)(1) Third Supplemental disclosures;

14. Defendant Preventive Measures' FRCP 26(a)(1) Initial disclosures;

15. Defendant Preventive Measures' FRCP 26(a)(1) First Supplemental disclosures;

16. Defendant Preventive Measures' FRCP 26(a)(1) Second Supplemental disclosures;

17. Defendant Preventive Measures' FRCP 26(a)(1) Third Supplemental disclosures;

18. Defendant Clark County's First Set of Requests for Admissions to Preventive Measures;

19. Defendant Clark County's First Set of Requests for Production of Documents to Preventive Measures;

20. Defendant Clark County's First Set of Interrogatories to Preventive Measures;

21. Defendant Preventive Measures' Response to Defendant Clark County's First Set of Requests for Admissions;

22. Defendant Preventive Measures' Response to Defendant Clark County's First Set of Requests for Production of Documents;

23. Defendant Preventive Measures' Response to Defendant Clark County's First Set of Interrogatories;

24. Defendant Clark County's First Set of Interrogatories to Plaintiff;

25. Defendant Clark County's First Set of Requests for Admissions to Plaintiff;

26. Defendant Clark County's First Set of Requests for Production of Documents to Plaintiff;

27. Plaintiff's Responses to Defendant Clark County's First Set of Requests for Admissions;

28. Plaintiff's Responses to Defendant Clark County's First Set of Requests for Production of Documents;

29. Plaintiff's Responses to Defendant Clark County's First Set of Interrogatories;

30. Defendant Preventive Measures' First Set of Interrogatories to Plaintiff;

31. Defendant Preventive Measures' First Set of Requests for Admissions to Plaintiff;

32. Defendant Preventive Measures' First Set of Requests for Production of Documents to Plaintiff;

33. Plaintiff's Responses to Defendant Preventive Measures First Set of Requests for Admissions;

34. Plaintiff's Responses to Defendant Preventive Measures First Set of Requests for Production of Documents;

35. Plaintiff's Responses to Defendant Preventive Measures First Set of Interrogatories;

36. Plaintiff's First Set of Interrogatories to Defendant Preventive Measures;

37. Plaintiff's First Set of Requests for Admissions to Defendant Preventive Measures;

38. Plaintiff's First Set of Requests for Production to Defendant Preventive Measures;

39. Plaintiff's First Set of Interrogatories to Defendant Clark County;

40. Plaintiff's First Set of Requests for Admissions to Defendant Clark County;

41. Plaintiff's First Set of Requests for Production to Defendant Clark County;

42. Defendant Preventive Measures' Responses to Plaintiff's First Set of Requests for Admissions to Defendant Preventive Measures;

43. Defendant Clark County's Responses to Plaintiff's First Set of Interrogatories to Defendant Clark County;

44. Defendant Clark County's Responses to Plaintiff's First Set of Requests for Admissions to Defendant Clark County;

45. Defendant Clark County's Responses to Plaintiff's First Set of Requests for Production to Defendant Clark County;

46. Defendant Preventive Measures' Responses to Plaintiff's First Set of Interrogatories and Request for Production;

47. Deposition of Plaintiff (completed February 21, 2024);

48. Deposition of Kate Murray (completed February 15, 2024);

49. Deposition of Brian Cooperman (completed February 15, 2024);

50. Deposition of Elando Johnson (completed February 15, 2024);

51. Plaintiff's FRCP 26(a)(1) Ninth Supplemental disclosures;

52. Defendant Clark County's FRCP 26(a)(1) Fourth Supplemental disclosures;

53. Defendant Clark County's FRCP 26(a)(1) Fifth Supplemental disclosures;

54. Defendant Clark County's FRCP 26(a)(1) Sixth Supplemental disclosures;

55. Defendant Preventive Measures' FRCP 26(a)(1) Fourth Supplemental disclosures;

56. Defendant Preventive Measures' FRCP 26(a)(1) Fifth Supplemental disclosures;

57. Defendant Preventive Measures' FRCP 26(a)(1) Sixth Supplemental disclosures;

58. Defendant Preventive Measures' FRCP 26(a)(1) Seventh Supplemental disclosures;

59. Plaintiff's FRCP 26(a)(1) Tenth Supplemental disclosures;

60. Deposition of Chief James Rogers (completed on May 9, 2024);

61. Deposition of Defendant Clark County's FRCP 30(b)(6) designee(s) (completed on June 11, 2024); and

62. Deposition of David Sutton/FRCP 30(b)(6) designee(s) for Defendant Preventive Measures (completed June 27, 2024).

**II. DISCOVERY REMAINING TO BE COMPLETED**

1. Deposition of Defendant Marco Solorio;

2. Deposition of Defendant Leonard Morris;

3. Depositions of other fact witnesses present at the County Commission meeting during the subject incident;

4. Supplemental FRCP 26 disclosures;

5. Expert disclosures;

6. Deposition of parties' treating physicians and/or experts; and

7. Any additional discovery that is necessary as the parties proceed through discovery.

**III.  REASONS WHY DISCOVERY NOT COMPLETED WITHIN TIME SET BY DISCOVERY PLAN**

A motion to extend deadlines articulated in the court's scheduling order must be supported by a showing of good cause. See Local Rule 26-3; *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992). Good cause to extend a deadline exists if it cannot reasonably be met despite the diligence of the party seeking extension. *Johnson*, 975 F.2d at 609. In the instant matter, all parties have diligently attempted to comply with the Court's scheduling order – however, the parties have determined they will be unable to obtain unable to obtain and produce key evidence related to the incident and alleged damages, which then deprives the parties and their respective experts of access to all evidence to formulate their opinions, complete their evaluations and prepare their reports accordingly, as well as impairs counsels' ability to reach a proper determination as to further discovery needed.

On June 25, 2024, the parties entered a stipulation to extend the discovery deadlines primarily based on the need for additional time to complete written discovery, which is outstanding due to Preventive Measures needing additional time to locate certain documents; and to complete remaining depositions of parties and witnesses. In addition, new counsel recently associated in for Preventive

Measures, and has requested additional time to review the file to assist with moving discovery along. The remaining depositions and outstanding written discovery will be critical to the claims and defenses in the instant action and will have a direct impact on the opinions of the parties' retained experts.

Accordingly, the parties respectfully request that the discovery deadlines in this matter be extended by an additional sixty (60) days. The requested extension will ensure all parties have a full and fair opportunity to litigate the claims and defenses on the merits. Therefore, and as set forth below, due diligence and good cause can be shown to allow the Court, in its discretion, to extend the remaining deadlines as requested.

**IV. PROPOSED SCHEDULE FOR COMPLETING DISCOVERY**

Based on the foregoing, the proposed schedule for completing discovery is as follows:

| Discovery Deadline | Current Deadline | Proposed Deadline |
|---|---|---|
| Initial Expert Disclosures | 07.12.2024 | 9.13.2024 |
| All Rebuttal Expert Disclosures | 08.12.2024 | 10.14.2024 |
| Discovery Cut-Off Date | 09.10.2024 | 11.15.2024 |
| Dispositive Motions | 10.10.2024 | 12.16.2024 |

DATED this 2nd of July, 2024.                                   DATED this 2nd of July, 2024.

**SPRINGEL & FINK LLP**                                         **RICHARD HARRIS LAW FIRM**

By:     /s/ Leonard T. Fink                                     By:     /s/ Jonathan B. Lee
LEONARD T. FINK, ESQ.                                           JONATHAN B. LEE, ESQ.
Nevada Bar No. 6296                                             Nevada Bar Number 13524
NAKESHA S. DUNCAN-PEREZ, ESQ.                                   801 South Fourth Street
Nevada Bar No. 11556                                            Las Vegas, Nevada 89101
9075 W. Diablo Drive, Suite 302                                 *Attorneys for Plaintiff*
Las Vegas, Nevada 89148
and
**TYSON & MENDES**
Russell D. Christian, Esq.
Nevada Bar No. 11785
2835 St. Rose Parkway, Suite
Attorneys for Defendants/Cross-Defendant
*Preventive Measures Security Firm, LLC,
Marco Solorio and Leonard Morris*

///

///

Dated this 2nd day of July, 2024.

**CLARK COUNTY DISTRICT ATTORNEY**

By:   /s/ Joel K. Browning
JOEL K. BROWNING, ESQ.
Nevada Bar No. 14489
500 South Grand Central Parkway, Ste. 5075
Las Vegas, Nevada 89155
*Attorneys for Defendant, Clark County*

<u>**ORDER**</u>

Pursuant to the stipulation of the parties and good cause appearing, the discovery deadlines are extended as follows:

| Discovery Deadline | Deadline |
| --- | --- |
| Initial Expert Disclosures | 9.13.2024 |
| All Rebuttal Expert Disclosures | 10.14.2024 |
| Discovery Cut-Off Date | 11.15.2024 |
| Dispositive Motions | 12.16.2024 |

IT IS SO ORDERED.

Dated: 7/3/2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

**CERTIFICATE OF SERVICE**
**Miller, Mack v. Clark County, Nevada, et al.**
**United States District Court Case No. 2:23-cv-00070-CDS-DJA**

STATE OF NEVADA )
                ) ss.
COUNTY OF CLARK  )

I, Veronica Smith, declare:

I am a resident of and employed in Clark County, Nevada. I am over the age of eighteen years and not a party to the within action. My business address is 9075 W. Diablo Drive, Suite 302, Las Vegas, Nevada, 89148.

On **July 2, 2024**, I served the document described as **STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES [FOURTH REQUEST]** on the following parties:

**\*\* SEE ELECTRONIC SERVICE LIST**

| | |
|---|---|
| ☒ | VIA ELECTRONIC SERVICE: by submitting the foregoing to the United States District Court for the District of Nevada's ECF-filing System for Electronic Service upon the Court's Service List pursuant to Rule26(a)(1). The copy of the document electronically served bears a notation of the date and time of service. The original document will be maintained with the document(s) served and be made available, upon reasonable notice, for inspection by counsel or the Court. |
| ☐ | VIA U.S. MAIL: by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Las Vegas Nevada. I am "readily familiar" with the firm's practice of collection and processing correspondence by mailing. Under that practice, it would be deposited with the U.S. postal service on that same day with postage fully prepaid at Las Vegas, Nevada in the ordinary course of business. |
| ☐ | VIA FACSIMILE: by transmitting to a facsimile machine maintained by the person on whom it is served at the facsimile machine telephone number at last given by that person on any document which he/she has filed in the cause and served on the party making the service. The copy of the document served by facsimile transmission bears a notation of the date and place of transmission and the facsimile telephone number to which transmitted. A confirmation of the transmission containing the facsimile telephone numbers to which the document(s) was/were transmitted will be maintained with the document(s) served. |

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Veronica Smith*

An employee of Springel & Fink LLP