LEONARD T. FINK, ESQ.
Nevada Bar No. 6296
NAKESHA S. DUNCAN-PEREZ, ESQ.
Nevada Bar No. 11556
CARMEN A. ERMER, ESQ.
Nevada Bar No. 16075
**SPRINGEL & FINK LLP**
9075 W. Diablo Drive, Suite 302
Las Vegas, Nevada 89148
Telephone:    (702) 804-0706
E-Mail:        *lfink@springelfink.com*
              *nduncan@springelfink.com*
              *cermer@springelfink.com*
              *efiling@spingelfink.com*

Attorneys for Defendants/Cross-Defendant
*PREVENTIVE MEASURES SECURITY FIRM, LLC,*
*MARCO SOLORIO and LEONARD MORRIS*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MACK MILLER, an individual;<br><br>                    Plaintiff,<br><br>vs.<br><br>CLARK COUNTY, NEVADA, a political subdivision; DOE CLARK COUNTY OFFICERS, in their personal capacities; DOE PRIVATE SECURITY GUARDS, in their personal capacities; PREVENTIVE MEASURES SECURITY FIRM, LLC, a domestic limited liability company; MARCO SOLORIO, individually; LEONARD MORRIS, individually; ROE PRIVATE SECURITY COMPANY; DOES 1 through 20; ROE BUSINESS ENTITIES 1 through 20, inclusive jointly and severally,<br><br>                    Defendants. | Case No.:  2:23-cv-00070-CDS-DJA<br><br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES**<br><br>**[SIXTH REQUEST]** |
| CLARK COUNTY, a Political Subdivision of State of Nevada,<br><br>                    Cross-Claimant, | |

-1-

vs.

PREVENTIVE MEASURES SECURITY FIRM,
LLC, a domestic limited liability Company,

                Cross-Defendant.

## STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES
## [SIXTH REQUEST]

       IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto, by and through their respective counsel, that the discovery deadlines shall be extended in this matter.

### I.    DISCOVERY COMPLETED TO DATE

       The parties have participated in the following discovery to date:

1. Plaintiff's FRCP 26(a)(1) Initial disclosures;
2. Plaintiff's FRCP 26(a)(1) First Supplemental disclosures;
3. Plaintiff's FRCP 26(a)(1) Second Supplemental disclosures;
4. Plaintiff's FRCP 26(a)(1) Third Supplemental disclosures;
5. Plaintiff's FRCP 26(a)(1) Fourth Supplemental disclosures;
6. Plaintiff's FRCP 26(a)(1) Fifth Supplemental disclosures;
7. Plaintiff's FRCP 26(a)(1) Sixth Supplemental disclosures;
8. Plaintiff's FRCP 26(a)(1) Seventh Supplemental disclosures;
9. Plaintiff's FRCP 26(a)(1) Eighth Supplemental disclosures;
10. Defendant Clark County's FRCP 26(a)(1) Initial disclosures;
11. Defendant Clark County's FRCP 26(a)(1) First Supplemental disclosures;
12. Defendant Clark County's FRCP 26(a)(1) Second Supplemental disclosures;
13. Defendant Clark County's FRCP 26(a)(1) Third Supplemental disclosures;
14. Defendant Preventive Measures' FRCP 26(a)(1) Initial disclosures;
15. Defendant Preventive Measures' FRCP 26(a)(1) First Supplemental disclosures;
16. Defendant Preventive Measures' FRCP 26(a)(1) Second Supplemental disclosures;
17. Defendant Preventive Measures' FRCP 26(a)(1) Third Supplemental disclosures;

18. Defendant Clark County's First Set of Requests for Admissions to Preventive Measures;

19. Defendant Clark County's First Set of Requests for Production of Documents to Preventive Measures;

20. Defendant Clark County's First Set of Interrogatories to Preventive Measures;

21. Defendant Preventive Measures' Response to Defendant Clark County's First Set of Requests for Admissions;

22. Defendant Preventive Measures' Response to Defendant Clark County's First Set of Requests for Production of Documents;

23. Defendant Preventive Measures' Response to Defendant Clark County's First Set of Interrogatories;

24. Defendant Clark County's First Set of Interrogatories to Plaintiff;

25. Defendant Clark County's First Set of Requests for Admissions to Plaintiff;

26. Defendant Clark County's First Set of Requests for Production of Documents to Plaintiff;

27. Plaintiff's Responses to Defendant Clark County's First Set of Requests for Admissions;

28. Plaintiff's Responses to Defendant Clark County's First Set of Requests for Production of Documents;

29. Plaintiff's Responses to Defendant Clark County's First Set of Interrogatories;

30. Defendant Preventive Measures' First Set of Interrogatories to Plaintiff;

31. Defendant Preventive Measures' First Set of Requests for Admissions to Plaintiff;

32. Defendant Preventive Measures' First Set of Requests for Production of Documents to Plaintiff;

33. Plaintiff's Responses to Defendant Preventive Measures First Set of Requests for Admissions;

34. Plaintiff's Responses to Defendant Preventive Measures First Set of Requests for Production of Documents;

35. Plaintiff's Responses to Defendant Preventive Measures First Set of Interrogatories;

36. Plaintiff's First Set of Interrogatories to Defendant Preventive Measures;

37. Plaintiff's First Set of Requests for Admissions to Defendant Preventive Measures;

38. Plaintiff's First Set of Requests for Production to Defendant Preventive Measures;

39. Plaintiff's First Set of Interrogatories to Defendant Clark County;

40. Plaintiff's First Set of Requests for Admissions to Defendant Clark County;

41. Plaintiff's First Set of Requests for Production to Defendant Clark County;

42. Defendant Preventive Measures' Responses to Plaintiff's First Set of Requests for Admissions to Defendant Preventive Measures;

43. Defendant Clark County's Responses to Plaintiff's First Set of Interrogatories to Defendant Clark County;

44. Defendant Clark County's Responses to Plaintiff's First Set of Requests for Admissions to Defendant Clark County;

45. Defendant Clark County's Responses to Plaintiff's First Set of Requests for Production to Defendant Clark County;

46. Defendant Preventive Measures' Responses to Plaintiff's First Set of Interrogatories and Request for Production;

47. Deposition of Plaintiff (completed February 21, 2024);

48. Deposition of Kate Murray (completed February 15, 2024);

49. Deposition of Brian Cooperman (completed February 15, 2024);

50. Deposition of Elando Johnson (completed February 15, 2024);

51. Plaintiff's FRCP 26(a)(1) Ninth Supplemental disclosures;

52. Defendant Clark County's FRCP 26(a)(1) Fourth Supplemental disclosures;

53. Defendant Clark County's FRCP 26(a)(1) Fifth Supplemental disclosures;

54. Defendant Clark County's FRCP 26(a)(1) Sixth Supplemental disclosures;

55. Defendant Preventive Measures' FRCP 26(a)(1) Fourth Supplemental disclosures;

56. Defendant Preventive Measures' FRCP 26(a)(1) Fifth Supplemental disclosures;

57. Defendant Preventive Measures' FRCP 26(a)(1) Sixth Supplemental disclosures;

58. Defendant Preventive Measures' FRCP 26(a)(1) Seventh Supplemental disclosures;

59. Plaintiff's FRCP 26(a)(1) Tenth Supplemental disclosures;

60. Deposition of Chief James Rogers (completed on May 9, 2024);

///

-4-

61. Deposition of Defendant Clark County's FRCP 30(b)(6) designee(s) (completed on June 11, 2024); and

62. Deposition of David Sutton/FRCP 30(b)(6) designee(s) for Defendant Preventive Measures (completed June 27, 2024).

63. Defendant Preventive Measures' Responses to Plaintiff's First Set of Requests for Production (completed July 18, 2024);

64. Defendant Clark County's Eighth Supplemental FRCP 26 Disclosure and Production of Documents (completed July 31, 2024);

65. Defendant Clark County's Supplemental Answers to Plaintiff's First Set of Interrogatories (completed August 1, 2024);

66. Defendant Clark County's Supplemental Responses to Plaintiff's First Set of Requests for Production of Documents (completed August 1, 2024);

67. Plaintiff's Initial Designation of Expert Witnesses (completed August 15, 2024); and

68. Inspection of the area of the subject incident at The Clark County Government Center (completed September 4, 2024).

69. Plaintiff noticed the deposition of Preventive ex-employee Defendant Marco Solorio for September 20, 2024.

70. Defendant Preventive Measures noticed the Rule 35 Exam of Incarcerated Plaintiff, Mack Miller (occurred October 11, 2024).

## II.    DISCOVERY REMAINING TO BE COMPLETED

1. Deposition of Defendant Leonard Morris;

2. Depositions of other fact witnesses present at the County Commission meeting during the subject incident;

3. Supplemental FRCP 26 disclosures;

4. Expert disclosures;

5. Deposition of parties' treating physicians and/or experts; and

6. Any additional discovery that is necessary as the parties proceed through discovery.

///

1

2   **III.    REASONS WHY DISCOVERY NOT COMPLETED WITHIN TIME SET BY**

3          **DISCOVERY PLAN**

4          A motion to extend deadlines articulated in the court's scheduling order must be supported by a

5   showing of good cause. See Local Rule 26-3; *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d

6   604, 608-09 (9th Cir. 1992). Good cause to extend a deadline exists if it cannot reasonably be met despite

7   the diligence of the party seeking extension. *Johnson*, 975 F.2d at 609. In the instant matter, all parties

8   have diligently attempted to comply with the Court's scheduling order – however, the parties have

9   determined they require additional time to obtain and produce key evidence related to the incident and

10  alleged damages. Without this necessary evidence the parties' experts are likely deprived the ability to

11  formulate their opinions, complete their evaluations and prepare their reports accordingly, as well as

12  impairs counsels' ability to reach a proper determination as to further discovery needed.

13         On July 2, 2024, the parties entered a stipulation to extend the discovery deadlines primarily based

14  on the need for additional time to take depositions, due to new counsel recently associating in for

15  Preventative Measures. Since that time, a Substitution of Counsel for Preventive Measures, Marco Solorio,

16  and Leonard Morris [ECF No. 45] was filed with the Court on September 5, 2024. The parties diligently

17  completed additional written discovery, a couple depositions and a site inspection since the last stipulation.

18  During that time, Preventive Measures determined the need to conduct a Rule 35 medical exam of

19  Plaintiff, Mack Miller, who is currently incarcerated at Three Lakes Valley Conservation Camp at

20  Southern Desert Correctional Center. Due to the complexity of scheduling this exam at the prison,

21  additional time is required to complete discovery. Further, as Preventive's named security guards no

22  longer work for the company, it has taken additional time to secure meetings and depositions with them.

23  The remaining depositions and Rule 35 Exam will be critical to the claims and defenses in the instant

24  action and will have a direct impact on the opinions of the parties' retained experts.

25         Accordingly, the parties respectfully request that the discovery deadlines be extended an additional

26  fifteen (15) days. The requested extension will ensure all parties have a full and fair opportunity to litigate

27  the claims and defenses on the merits. Therefore, and as set forth below, due diligence and good cause

28  can be shown to allow the Court, in its discretion, to extend the remaining deadlines as requested.

## IV. **PROPOSED SCHEDULE FOR COMPLETING DISCOVERY**

Based on the foregoing, the proposed schedule for completing discovery is as follows:

| Discovery Deadline | Current Deadline | Proposed Deadline |
|---|---|---|
| Initial Expert Disclosures | 10/28/2024 | 11/12/2024 |
| All Rebuttal Expert Disclosures | 12/02/2024 | 12/17/2024 |
| Discovery Cut-Off Date | 01/07/2025 | 01/22/2025 |
| Dispositive Motions | 02/07/2025 | 02/24/2025 |

DATED this 25th of October 2024.                DATED this 25th of October 2024.

**SPRINGEL & FINK LLP**                         **RICHARD HARRIS LAW FIRM**

　　　*/s/ Carmen A. Ermer*                        */s/ Jonathan B. Lee*

By: _____              By: _____
LEONARD T. FINK, ESQ.                           JONATHAN B. LEE, ESQ.
Nevada Bar No. 6296                             Nevada Bar Number 13524
NAKESHA S. DUNCAN-PEREZ, ESQ.                   801 South Fourth Street
Nevada Bar No.  11556                           Las Vegas, Nevada 89101
CARMER A. ERMER, ESQ.
 Nevada Bar No. 16075                           Attorneys for *PLAINTIFF*
9075 W. Diablo Drive, Suite 302
Las Vegas, Nevada 89148

Attorneys for Defendants/Cross-Defendant
*PREVENTIVE MEASURES SECURITY*
*FIRM, LLC, MARCO SOLORIO, and*
*LEONARD MORRIS*

DATED this 25th day of October 2024.

**CLARK COUNTY DISTRICT ATTORNEY**

　　　*/s/ Joel K. Browning*

By: _____
JOEL K. BROWNING, ESQ.
Nevada Bar No. 14489
500 South Grand Central Parkway, Ste. 5075
Las Vegas, Nevada 89155

Attorneys   for   Defendant/Cross-Claimant,
*CLARK COUNTY, NEVADA*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Mack Miller v Clark County, NV, et al*
*Case No. 2:23-cv-00070-CDS-DJA*
*Stipulation and Order to Extend Discovery*
*Deadlines (Sixth Request)*

## ORDER

Pursuant to the stipulation of the parties and good cause appearing, the discovery deadlines are extended as follows:

| Discovery Deadline | Deadline |
|---|---|
| Initial Expert Disclosures | 11/12/2024 |
| All Rebuttal Expert Disclosures | 12/17/2024 |
| Discovery Cut-Off Date | 01/22/2025 |
| Dispositive Motions | 02/24/2025 |

IT IS SO ORDERED.

Dated:  10/28/2024

_____
UNITED STATES MAGISTRATE JUDGE

**CERTIFICATE OF SERVICE**
**Mack Miller v Clark County, NV, et al**
**U.S.D.C. Case No. 2:23-cv-00070-CDS-DJA**

STATE OF NEVADA           )
                          ) ss.
COUNTY OF CLARK           )

     I, Ella Wilczynski, declare:

     I am a resident of and employed in Clark County, Nevada. I am over the age of eighteen years and not a party to the within action. My business address is 9075 W. Diablo Drive, Suite 302, Las Vegas, Nevada, 89148.

     On **October 25, 2024**, I served the document described as ***Stipulation and Order to Extend Discovery Deadlines [Sixth Request]*** on the following parties:

| | |
|---|---|
| ☒ | VIA ELECTRONIC SERVICE: by submitting the foregoing to the United States District Court for the District of Nevada's ECF-filing System for Electronic Service upon the Court's Service List pursuant to Rule26(a)(1). The copy of the document electronically served bears a notation of the date and time of service. The original document will be maintained with the document(s) served and be made available, upon reasonable notice, for inspection by counsel or the Court. |
| ☐ | VIA ELECTRONIC TRANSMISSION: service has been completed by emailing the document(s) to the person(s) at the email address(es) listed on the Service List. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission of the document(s). |
| ☐ | VIA U.S. MAIL: by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Las Vegas Nevada. I am "readily familiar" with the firm's practice of collection and processing correspondence by mailing. Under that practice, it would be deposited with the U.S. postal service on that same day with postage fully prepaid at Las Vegas, Nevada in the ordinary course of business. |
| ☐ | VIA FACSIMILE: by transmitting to a facsimile machine maintained by the person on whom it is served at the facsimile machine telephone number at last given by that person on any document which he/she has filed in the cause and served on the party making the service. The copy of the document served by facsimile transmission bears a notation of the date and place of transmission and the facsimile telephone number to which transmitted. A confirmation of the transmission containing the facsimile telephone numbers to which the document(s) was/were transmitted will be maintained with the document(s) served. |

     I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Ella Wilczynski*

_____
An employee of Springel & Fink LLP

**From:** Carmen Ermer <cermer@springelfink.com>
**Sent:** Thursday, October 24, 2024 9:10 PM
**To:** Joel Browning <Joel.Browning@clarkcountydanv.gov>; Jonathan Lee <jlee@richardharrislaw.com>
**Cc:** Nakesha Duncan-Perez <nduncan@springelfink.com>; J.J. Kashnow <jkashnow@springelfink.com>; nicole@richardharrrislaw.com; Tina Crisp <tcrisp@springelfink.com>; Renee Albert <Renee.Albert@clarkcountydanv.gov>; MillerMackvClarkCountyNevadaatalZ12283933@springelfink.filevineapp.com
**Subject:** Re: Miller v. Clark County, et al.

Thank you both for the quick response.

Get Outlook for iOS

**From:** Joel Browning <Joel.Browning@clarkcountydanv.gov>
**Sent:** Thursday, October 24, 2024 7:13:02 PM
**To:** Jonathan Lee <jlee@richardharrislaw.com>; Carmen Ermer <cermer@springelfink.com>
**Cc:** Nakesha Duncan-Perez <nduncan@springelfink.com>; J.J. Kashnow <jkashnow@springelfink.com>; nicole@richardharrrislaw.com <nicole@richardharrrislaw.com>; Tina Crisp <tcrisp@springelfink.com>; Renee Albert <Renee.Albert@clarkcountydanv.gov>;

MillerMackvClarkCountyNevadaatalZ12283933@springelfink.filevineapp.com
<MillerMackvClarkCountyNevadaatalZ12283933@springelfink.filevineapp.com>
**Subject:** Re: Miller v. Clark County, et al.

I am out of town and don't have great signal, but you may use my signature on a stip to extend deadlines.

Thanks,

Get Outlook for Android

---

**From:** Jonathan Lee <jlee@richardharrislaw.com>
**Sent:** Thursday, October 24, 2024 7:37:03 PM
**To:** Carmen Ermer <cermer@springelfink.com>
**Cc:** Joel Browning <Joel.Browning@clarkcountydanv.gov>; Nakesha Duncan-Perez <nduncan@springelfink.com>; J.J. Kashnow <jkashnow@springelfink.com>; nicole@richardharrrislaw.com <nicole@richardharrrislaw.com>; Tina Crisp <tcrisp@springelfink.com>; Renee Albert <Renee.Albert@clarkcountydanv.gov>; MillerMackvClarkCountyNevadaatalZ12283933@springelfink.filevineapp.com <MillerMackvClarkCountyNevadaatalZ12283933@springelfink.filevineapp.com>
**Subject:** Re: Miller v. Clark County, et al.

> **CAUTION:** This email originated from an **External Source**. Please **use caution** before opening attachments, clicking links, or responding to this email. **Do not sign-in with your DA account credentials.**

You have my permission to submit to the court.

Sent from my iPhone

> On Oct 24, 2024, at 4:46 PM, Carmen Ermer <cermer@springelfink.com> wrote:
>
> > CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.
>
> Counsel,
>
> Let this email confirm my conversation with Plaintiff's office that Plaintiff is agreeable to extending deadlines two weeks.
>
> I haven't heard back from Joel yet, but in order to get this moving quickly, I have attached a stipulation and order extending deadlines. Please let us know if you have any changes or if we may affix your electronic signatures.
>
> Kind regards,

Carmen

Carmen Ermer
Attorney

9075 W. Diablo Drive., Suite 302 | Las Vegas, NV 89148
Tel: <u>702-804-0706</u> | Fax: <u>702-804-0798</u>

<Miller - Stipulation and Order to Extend Discovery Deadlines (Sixth Request).docx>

---

This email has been scanned for spam and viruses. Click <u>here</u> to report this email as spam.