UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Mack Miller,<br>Plaintiff<br>v.<br>Clark County, et al.,<br>Defendants | Case No. 2:23-cv-00070-CDS-DJA<br>**Order Granting Plaintiff's Unopposed Motion for Remand**<br>[ECF No. 80] |

This a § 1983 action brought by plaintiff Mack Miller against defendants Clark County and Preventative Measures Security Firm, LLC. *See* Compl., ECF No. 2-2. On January 12, 2023, Preventive Measures removed this action from the Eighth Judicial District Court. *See* Pet., ECF No. 2. Thereafter, Miller amended his complaint, adding as defendants Marco Solorio and Leonard Morris. Am. compl., ECF No. 17. The parties then engaged in motions practice. In February 2026, I granted Clark County's motion for summary judgment and Solorio, Morris, and Preventative Measures Security Firm LLC's motion for partial summary judgment. *See* Order, ECF No. 77.

In sum, Miller now moves to remand this action, asserting that following the order granting those motions, there are no federal claims remaining, only state claims, so this court should decline to exercise supplemental jurisdiction and remand this case to state court. *See* Mot. to remand, ECF No. 80. Miller also asserts that the *Cohill* factors[1] weigh in favor of remand. *Id.* at 4–6.

[1] *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.")

Any opposition to Miller's motion to remand was due by July 20, 2026. *Id.*; *see also* Local Rule 7-2(b) ("[T]he deadline to file and serve any points and authorities in response to the motion is 14 days after service of the motion."). That deadline passed without any response, leaving Miller's remand motion unopposed.

This court's Local Rule 7-2(d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." I apply this rule and deem the defendants' failure to respond as consent to granting this motion, so it is hereby granted.[2]

**Conclusion**

IT IS ORDERED that Miller's motion for remand **[ECF No. 80] is GRANTED.**

The Clerk of the Court is kindly directed to send a copy of the docket, a copy of my order docketed at [ECF No. 77], and this order to the Eighth Judicial District Court, Department 22, A-22-859812-C, and to close this case.

Dated: July 27, 2026

_______________________________
Cristina D. Silva
United States District Judge

[2] Even without an opposition, the court notes that the Ninth Circuit has cautioned that "[o]nce [the court] dismisses all federal claims before it, a federal court must 'reassess its jurisdiction by engaging in a pragmatic and case-specific evaluation of the myriad of considerations that may bear on the determination of whether to exercise supplemental jurisdiction.'" *Pure Wafer Inc. v. City of Prescott*, 845 F.3d 943, 960 (9th Cir. 2017) (Smith, J. dissenting) (quoting 16 James WM. Moore et al., *Moore's Federal Practice* § 106.66[1] (3d ed. 2016)); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."). Thus, applying this principle in conjunction with weighing the *Cohill* factors, supports remanding this action.